**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK C. JACKSON,

      Plaintiff,

                                        CASE NO. 3:08-cv-461-J-33TEM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
(the Commissioner), and the
STATE OF FLORIDA,

      Defendants.

_____

**O R D E R**

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. #16, Motion) filed July 11, 2008.  Because the instant motion is clearly due to be denied as procedurally defective, the Court will issue its ruling without awaiting the normal response period.[1]

A review of the complaint in this matter shows Plaintiff is suing the Commissioner of Social Security and the State of Florida (*see* Doc. #1, complaint).  Plaintiff is proceeding in this action on a *pro se* basis.  Plaintiff's factual allegations point to alleged wrongdoing by the Department of Veterans Affairs, the Social Security Administration, and two individual judges.  For example, Plaintiff alleges the Department of Veterans Affair, Social Security Administration, and other government agencies maliciously conspired to postpone his career "as punishment for exercising [his] right to redress of grievances" (Doc. #1 at §

_____

[1] *See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.  In the instant matter, the interests of justice are best served by expeditiously ruling upon the motion without awaiting the normal response period.

32) and for "standing up for [his] right to due process in Traffic Court" (Doc. #1 at § 32) by denying him government benefits (*see* Doc. #1, pp. 5-9).

In the instant motion, Plaintiff is requesting the Court to discharge or remove the default status of his student loans and to reinstate his driver's license (*see* Doc. #16, generally).   Although Plaintiff has stated the relief he seeks in the Motion, the Court is unable to ascertain what action, by which named Defendant, Plaintiff is seeking to enjoin. Plaintiff is required under Local Rule 4.05(b)(3)(i) to "describe precisely the conduct sought to be enjoined."[2]   As stated, Plaintiff has requested affirmative relief from the Court, rather than cessation of offensive conduct.   The Court does not find Plaintiff's motion to contain an adequate description of the conduct sought to be enjoined pursuant to Local Rule 4.05(b)(3)(i).   Plaintiff must specifically identify the allegedly offensive conduct and the allegedly offending Defendant.

Furthermore, a temporary restraining order may be issued only when the moving party shows: (1) a substantial likelihood of success on the merits of the claim; (2) the likelihood of irreparable harm "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible;" (3) the unavailability of an adequate remedy at law; and (4) the temporary restraining order would not be adverse to the public interest.   *Freeman v. Cavazos*, 923 F.2d 1434, 1437 n.8 (11th Cir. 1991); *see also* Local Rule 4.05(b)(4).

Plaintiff concedes he must have a total and permanent disability in order to be eligible for a loan discharge by the United States Department of Education (Doc. #16 at 3).

---

[2] The Court notes the definition of enjoin is "to legally prohibit or restrain by injunction." Black's Law Dictionary 550 (7th ed. 1999).

The loan discharge application, which Plaintiff attached to the instant motion, notes that "the standard for determining disability for discharge of the borrower's loan(s) may be different from standards used under other programs in connection with occupational disability, or eligibility for social service or veterans benefits" (*see* Doc. #16-2 at 1).  Thus, the Social Security Administration's decision as to Plaintiff's non-disability has no bearing on whether Plaintiff is entitled to a loan discharge.

In the alternative, Plaintiff argues that his student loan should be discharged in bankruptcy under 11 U.S.C. § 523(a)(8) on the grounds that repayment of the loans would cause him an undue hardship.  However, Plaintiff did not indicate in either the instant motion or the complaint in this matter that he is in or has filed for bankruptcy.

For purposes of the motion for a temporary restraining order, Plaintiff has failed to show a substantial likelihood of success on the merits.  Because Plaintiff has not satisfied the first requirement for issuance of a temporary restraining order, the Court need not consider whether Plaintiff has met the remaining requirements.  Therefore, the motion for a temporary restraining order is due to be denied.

Accordingly, Plaintiff's Motion for Temporary Restraining Order (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of July, 2008.

Copies to counsel of record
 and *pro se* Plaintiff

**THOMAS E. MORRIS**
United States Magistrate Judge