**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK C. JACKSON,

       Plaintiff,

                                 CASE NO. 3:08-cv-461-J-33TEM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
(the Commissioner), and the
STATE OF FLORIDA,

       Defendants.

_____

**O R D E R**

      This case is before the Court on Plaintiff's Motion to Reconsider Order of This Court

Dated the 18th Day of July 2008 Denying Temporary Restraining Order for Procedural

Defect (Doc. #21, Motion to Reconsider), filed July 25, 2008.[1] The response period has

expired and the instant motion is now ripe for the Court's consideration and ruling.  *See*

Fed. R. Civ. P. 6(a); M.D. Fla. Loc. R. 3.01(b).   The Motion to Reconsider has been

referred to the undersigned.

      As indicated by the caption of the motion, Plaintiff requests reconsideration of the

_____

[1]The Court notes a certifying statement pursuant to Local Rule 3.01(g) was missing from the instant motion.  Inclusion of this information indicating whether opposing counsel has any objection to the relief requested often allows the Court to rule more quickly.  *Pro se* litigants are subject to the same relevant law and rules of court as represented parties. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Plaintiff already has been advised of some of the obligations and responsibilities of a *pro se* litigant (*see* Doc. #5, Court Order), including specific reference to Local Rule 3.01(g).  In the future, the parties should be careful to follow the mandates of Local Rule 3.01(g) and include a certifying statement in the motions.  The parties are cautioned that failure to follow the Local Rules in the future may result in the filed document being **stricken and removed from the record**.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.

Court's Order denying Plaintiff's Motion for Temporary Restraining Order (*see* Doc. #18, Court Order).   Plaintiff's Motion for Temporary Restraining Order was referred to the undersigned.  In denying the motion for a temporary restraining order, the Court noted the motion was procedurally defective.  The Court advised Plaintiff that although Plaintiff had stated the relief he sought, the Court was unable to ascertain <u>what action by which named Defendant</u> was the subject Plaintiff sought to enjoin (Doc. #18 at 2) (emphasis added).  The Court further advised Plaintiff of the requirements of Local Rule 4.05(b)(3)(i), the elements of *prima facie* case for a temporary restraining order and directed Plaintiff to specifically identify the allegedly offensive conduct by the allegedly offending Defendant.

In the instant motion, Plaintiff has reiterated arguments raised in the motion for a temporary restraining order and again requests the Court to discharge or remove the default status of his student loans and to reinstate his driver's license (*see* Doc. #21, generally).  Plaintiff has not added anything substantively new to his arguments, nor has Plaintiff corrected the noted deficiencies.

Motions for reconsideration are not specifically contemplated by or referenced in the Federal Rules of Civil Procedure, but such motions are found in federal practice.  Fed. R. Civ. P. 72(a) hints at reconsideration of orders on non-dispositive matters through its provision for the filing of objections to a written order issued by a magistrate judge. When objections to a magistrate judge's order are timely filed, a district judge will review the challenged order and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  *See id.*

A court's reconsideration of a prior order is an extraordinary remedy, which the power to exercise must be used sparingly and cautiously.  *Taylor Woodrow Const. Corp.*

*v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072-73 (M.D. Fla. 1993). There are three grounds recognized for granting reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. *Reyher v. Equitable Life Assurance Soc'y of the U.S.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Courts in the Middle District of Florida have found that a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *PaineWebber Income Properties Three Ltd. Partnership By and Through Third Income Properties, Inc. v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995), *citing Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993) (discussing reconsideration of a dispositive order). "A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time– an issue the Court has once determined." *Quitto v. Bay Colony Golf Club, Inc.*, No. 206CV286FTM-29DNF, 2007 WL 280352, *1 (M.D. Fla. Sept. 26, 2007); *see also* 898 5th *Ave. South Corp. v. Marolax Handels-UND Verwaltungs-Gesellchaft MBH*, No. 2:06-cv-372-FtM-99SPC, 2007 WL 764311 (M.D. Fla. Mar. 9, 2007). Although a court may always take a second look at a previous decision, such action should not be taken "in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues." *Miller v. Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851, 852 (N.D. Ohio 2002) (internal citation and quotation marks omitted).

Upon review of Plaintiff's Motion to Reconsider, the Court has determined its July 18, 2008 Order was not clearly erroneous. Further, Plaintiff has not introduced any change in controlling law, nor has Plaintiff introduced any new evidence or set forth new relevant

facts for the Court's consideration.  In sum, Plaintiff has merely attempted to re-hash the earlier filed motion purportedly seeking a temporary restraining order.

Thus, upon due consideration it is hereby

**ORDERED:**

Plaintiff's Motion to Reconsider Order of This Court Dated the 18th Day of July 2008 Denying Temporary Restraining Order for Procedural Defect (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th   day of September, 2008.

_Thomas E. Morris_
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All counsel of record
        and *pro se* parties, if any

Hon. Marcia Morales Howard

4