## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MARK C. JACKSON,

      Plaintiff,

                                 CASE NO. 3:08-cv-461-J-34TEM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security
(the Commissioner), and the
STATE OF FLORIDA,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Defendant the State of Florida's Motion to Dismiss

(Doc. #11), filed on June 12, 2008.[2]  The State requests dismissal of this action pursuant

to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may

be granted.  Plaintiff filed his response to the State's Motion to Dismiss on June 13, 2008

(*see* Doc. #13).  Upon review and consideration of the filings in this case, including the

referenced motion to dismiss and Plaintiff's response, the undersigned recommends the

instant motion be granted.

## I.  Factual Background

Plaintiff brings this action as a *pro se* litigant.  Although Plaintiff has filed somewhat

---

[1]Any party may file and serve specific, written objections hereto within TEN (10)
DAYS after service of this Report and Recommendation.  Failure to do so shall bar the
party from a *de novo* determination by a district judge of an issue covered herein and from
attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a)
and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2]The Court hereinafter will refer to Defendant the State of Florida as "the State."

of a shotgun style complaint, Plaintiff has enumerated four distinct counts within the complaint. First, Plaintiff alleges in Count I of the complaint that "Judge Deitch" and "Judge Jones" abused their discretion when they violated 20 C.F.R. § 404.1520 "by committing fraud" when stating Plaintiff's condition "was not on the list of impairments when in fact it was. . ." (Doc. #1 at ¶ 29).[3]   In Count II of the complaint, Plaintiff alleges the Veteran's Administration (VA) and the Social Security Administration (SSA) maliciously conspired to postpone his career as a computer system's analyst as either punishment for Plaintiff exercising his right to due process in Traffic Court or "to reduce agency liability" (Doc. #1 at ¶ 32).  Plaintiff alleges in Count III that the VA, the SSA, and other government agencies interfered with Plaintiff's right to acquire useful knowledge by maliciously preventing him from finishing college (Doc. #1 at ¶ 35).[4]  In Count IV Plaintiff alleges "[t]he Defendants"[5]

---

[3]The Court takes notice that Administrative Law Judge Robert C. Deitch and Administrative Law Judge Philemina M. Jones are administrative law judges with the Social Security Administration who hear cases in which claimants seeking social security disability benefits have requested an administrative hearing following a prior denial of benefits. *See* Doc. #1 at Entitlement to Relief ¶ 4.

The listing of impairments to which Plaintiff refers may be found in 20 C.F.R. § 404 Appx. 1 Sub. P.  The listings represent an automatic determination of disability based on specific medical findings, rather than an individual judgment based on all relevant factors of a claimant's claim. *See* 20 C.F.R. § 404.1520(d); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

[4]Upon review of Plaintiff's Motion in Opposition to Defendant State of Florida's Motion to Dismiss, the Court notes Plaintiff clarified the allegations in his complaint by stating that "the Veterans Affairs (VA) and Social Security [Administration] , including the State of Florida, maliciously violated [his] right to Liberty by preventing [him] from acquiring useful knowledge by wrongfully withholding Social Security insurance benefits and Vocational Rehabilitation benefits which is costing [him] employment and intellectual property income" (Doc. #13 at 1-2).

[5]The Court takes notice that Defendant Michael J. Astrue is the current Commissioner of Social Security.

worked in unison with other branches or agencies of the government, such that Plaintiff was "maliciously caused" to breach a contract with an apartment complex.  The alleged contract breach reportedly forced Plaintiff out of Gainesville, Florida and back to Keystone Heights, Florida so that he could not go to school and have access to Gainesville's public transportation system or job market or law library (Doc. #1 at ¶ 38).

Plaintiff asserts in his complaint that the federal courts have jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 and 1361.  Section 1343 grants the federal district courts jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States" and further permits a civil litigant to recover damages for injury to his person or property incurred because of any act done in furtherance of a conspiracy referenced in 42 U.S.C. § 1985.  28 U.S.C. § 1343 (2006).  Section 1361 confers original jurisdiction on federal district courts to hear any action of mandamus to compel an officer or employee of the United States and its agencies to perform a duty owed to a plaintiff.  28 U.S.C. § 1361 (2006).  Here, Plaintiff claims the State violated his due process by revoking his driver's license, which occurred as the result of an officer allegedly committing perjury (Doc. #1 at ¶ 16).  Plaintiff further alleges the State acted in concert with Defendant Astrue to cause Plaintiff to breach a contract (Doc. #1 at ¶ 38).

Although Plaintiff does not specifically refer to 42 U.S.C. 1985 in the complaint,  the Court will construe Plaintiff's assertions of a conspiracy throughout the complaint as stating a cause of action under Section 1985, pursuant to the Court's jurisdiction to redress a

deprivation of a federal right under 28 U.S.C. 1343.  Section 1985(3) prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law."  42 U.S.C. § 1985(c) (2006).

## II.  Standard of Review

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12.  Fed. R. Civ. P. 12(b)(6).  Courts are directed to give pleadings a liberal reading when reviewing a 12(b)(6) motion to dismiss, particularly when the pleader is proceeding *pro se. GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* complaints must be held to less stringent standards than formal pleadings drafted by attorneys) (internal citations omitted).  Though the complaint need not contain detailed factual allegations, the facts alleged in support of the claim(s) "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-54 (2007) (internal citation omitted).  In determining the sufficiency of the claim, the Court is required to accept all Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to Plaintiff.  *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  "While the court must accept all well-pleaded allegations in a complaint

4

as true, the court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers, Inc.*, 993 F.Supp. 1475, 1476 (M.D. Fla. 1998) (internal citation omitted).

## III. Discussion and Analysis

The State asserts  Plaintiff's complaint should be dismissed for three reasons.  First, the State strenuously argues this action against it is barred by the Eleventh Amendment (Doc. #11 at 1).  Second, the State argues Plaintiff's complaint fails to establish a nexus between Plaintiff and the State (Doc. #11 at 2).  Third, the State contends Plaintiff's action against the remaining Defendant constitutes an impermissible collateral attack on concluded proceedings, thereby implicating the principles of res judicata, the confluence of which bars this action (Doc. #11 at 2).[6]

In opposing the State's Motion to Dismiss, Plaintiff appears to argue that because Congress abrogated immunity under the Eleventh Amendment in the context of Title VII of the Civil Rights Act of 1964, that abrogation applies to this case (*see* Doc. #13 at 1-2). Although that argument may be valid in a Title VII discrimination case, *see Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), Plaintiff ignores the fact his complaint in the instant action does not raise a Title VII employment discrimination claim.[7]  Plaintiff next declares that

---

[6]The issue of res judicata as to the remaining Defendant will be addressed in a future court order.

[7]All four cases cited by Plaintiff as support for his argument are, in fact, employment discrimination cases wherein the courts refer to abrogation of Eleventh Amendment sovereign immunity specifically in Title VII cases.  *See In re: Employment Discrimination Litig. Against the State of Ala.*, 198 F.3d 1305 (11th Cir. 1999); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561 (6th Cir. 2000); *Winbush v. Iowa*, 66 F.3d 1471 (8th Cir. 1995); *Greenwood v. Ross*, 778 F.2d 448 (8th Cir. 1985).

pursuant to Florida Statute § 768.28(18), the State of Florida consents to suit once the Eleventh Amendment bar has been abrogated (Doc. #13 at 2).   Additionally, Plaintiff contends res judicata does not apply because the causes of action set forth in Plaintiff's complaint have not been decided by a judge and jury with jurisdiction over the subject matter.[8]

## Eleventh Amendment Immunity

Federal courts are courts of limited jurisdiction.  The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).  A plaintiff may overcome the Eleventh Amendment bar if the state is amenable to suit in federal court or Congress has abrogated the state's immunity.  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).  A state's waiver of Eleventh Amendment immunity must be stated in express language or the implication from the text must leave no room for any other reasonable construction.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299 at 305-06.  Where Congress abrogates the States' constitutionally secured immunity from suit in federal court, the language of any such statute must be unmistakably clear.  *Id.* at 305.

Here, Plaintiff correctly argues Congress has validly abrogated state immunity from suit under Title VII claims (Doc. #13 at 2).  *See Fitzpatrick v. Bitzer*, 427 U.S. at 447, 453-57.  Title VII prohibits employers from discriminating against individuals on the basis of an individual's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  However,

---

[8]*See supra* note 6.

Plaintiff did not raise an employment discrimination claim in his complaint.

The Eleventh Amendment does bar a federal court from exercising jurisdiction over a Section 1985 claim against a state.[9]  Congress has not abrogated States' immunity from suits brought under Section 1985.  *Fincher v. State of Fla. Dep't of Labor & Employment Sec.-Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986).  Neither has the State of Florida waived its immunity from suit in federal court under Section 1985 claims.  *See id.*; *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) ("[T]he Florida legislature gave a strong indication that it did not intend to waive its immunity to civil rights actions.").

Plaintiff's attempt to find support for his argument that the State of Florida consented to be sued in federal court by its citizens with the enactment of Florida Statute § 768.28 is unavailing.  The case which Plaintiff cites, *Schopler v. Bliss*, 903 F.2d 1373 (11th Cir. 1990), states the exact opposite of Plaintiff's position.

> Evidence that a state has waived sovereign immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court. This court has held that section 768.28 does not waive Florida's Eleventh Amendment immunity. To the contrary, subsection 768.28(16) declares the legislature's intention that Florida statutes not be construed to waive Eleventh Amendment immunity unless they explicitly waive immunity from suit in federal court.

*Id.* at 1379 (internal citations omitted).

---

[9]To the extent Plaintiff may attempt to state a claim under 42 U.S.C. § 1983, the Court notes the Eleventh Amendment also bars suits against states in federal court under Section 1983.  There has not been congressional abrogation of state immunity from Section 1983 claims brought in federal court.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Florida also has not waived its immunity from suits raising Section 1983 claims.  *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511-1518 (11th Cir. 1986) (holding that Florida has not consented to suit in federal court under Section 1983 by enacting Florida Statute § 768.28).

Though federal courts may grant prospective injunctive relief, the Eleventh Amendment bars federal courts from granting retrospective relief for past wrongs. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Here, Plaintiff is seeking damages and reinstatement of his driver's license due to an officer's alleged perjury at a Traffic Court proceeding (*see* Doc. #1 at ¶ 40). Plaintiff is not seeking to enjoin Defendant State of Florida from continuing to violate federal law. *See Green v. Mansour*, 474 U.S. at 68 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Rather, Plaintiff is essentially asking the Court to set aside the suspension of his driver's license (Doc. #1 at ¶ 40(e)). Federal courts lack jurisdiction to engage in appellate review of a state court judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-81 (1984). Thus, this action against the State is not properly before the District Court.

**Lack of nexus between Plaintiff and the State**

Further, as the State correctly notes, in the instant case Plaintiff's complaint fails on its face to state a cause of action against the State of Florida that is cognizable in federal court. The only claim in the complaint specifically alleging a cause of action against the State is contained in Count IV, in which Plaintiff claims the Defendants conspired to tortiously interfere with his contract with Archer Court Apartments, LTD. (Doc. #1 at ¶ 38). Plaintiff also seems to allege a conspiracy among the VA, SSA, and the State to "interfere[] with [Plaintiff] acquiring useful knowledge by maliciously preventing [him] from finishing college . . ." (Doc. #1 at ¶ 35).

"In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." *Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) (internal citation omitted); *see also Eidson v. Arenas*, 910 F.

8

Supp. 609, 613-14 (M.D. Fla. 1995) (holding that the plaintiff's allegations of a Section 1985 conspiracy were "conclusory and general" when the plaintiff failed to specifically allege there was a conspiracy between the defendants or "to allege the nature of each [d]efendant's involvement in any conspiracy").   Furthermore, Section 1985(c) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Bhd. of Carpenters & Joiners of Am. Local 610 v. Scott*, 463 U.S. 825, 835 (1983).   In the instant matter, Plaintiff has failed to allege any particularized facts relating  to the alleged conspiracy.   Nor has Plaintiff alleged how his constitutional rights were violated.   Moreover, Plaintiff has failed to identify any class-based animus as motivating the alleged conspiracy.   Thus, any Section 1985 conspiracy claim is due to be dismissed.

In reviewing the complaint, the Court surmises that Plaintiff also is attempting to invoke the Court's federal question jurisdiction through the allegation that his due process rights were violated during Traffic Court proceedings in the State.   *See* 28 U.S.C. § 1331 (2006).   Plaintiff alleged in his complaint that "[he] was standing up for our right to due process in Traffic Court (an officer committed perjury)" and his "driver's license issues forc[ed] [him] to withdraw from college, postponing [his] career as a computer analysis [sic] for over 5 years, leaving [him] with the remainder of a year lease and no way to pay it all of which drove [him] into bankruptcy" (Doc. #1 at ¶ 16).

Plaintiff, however, alleges no facts in his complaint to support his claim that the State deprived him of due process beyond his allegation that an officer committed perjury.   The allegation of perjury is a legal conclusion couched as a factual allegation, thus the Court need not accept it as true.   *See Robinson v. Jewish Ctr. Towers, Inc.*, 993 F.Supp. at 1476.

9

Even assuming *arguendo* Plaintiff's allegation that an officer perjured himself is true, Plaintiff did not state whether the alleged violation of due process was procedural or substantive in nature.   Review of the complaint reveals Plaintiff failed to allege a claim under either procedural or substantive due process grounds.   "A driver's license is a property interest that may not be suspended or revoked without due process."   *Alston v. Fla. Dep't of Law Enforcement*, No. 3:07-cv-791-J-25JRK, 2008 WL 717820, *6 (M.D. Fla. March 17, 2008) (citing *Bell v. Burson*, 402 U.S. 535, 542 (1971)).   Nothing in the complaint indicates Plaintiff was denied notice or a hearing as required by procedural due process.

Furthermore, the alleged deprivation of Plaintiff's driver's license is not a substantive right protected under the Due Process Clause as the Constitution does not provide a right to a state driver's license.   "[S]ubstantive rights . . . created by state law are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution."   *Burlison v. Rogers*, No. 5:07-cv-302-Oc-10GRJ, 2008 WL 312890, *3 n.8 (M.D. Fla. Feb. 4, 2008) (citing *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)).

### IV.  Conclusion

For the aforementioned reasons, the Court finds Plaintiff's complaint fails to state a claim against the State of Florida upon which relief may be granted in federal court.   In reviewing the complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled."   *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action.   *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d at 1369.

Therefore, it is recommended the Motion to Dismiss (Doc. #11) be **GRANTED** and the action against the State be **DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida this 22<u>nd</u> day of December, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
All Counsel of Record
*Pro Se* Parties

The Hon. Marcia Morales Howard

11