UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK C. JACKSON,

    Plaintiff,

vs.

CASE NO. 3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security
(the Commissioner), and the
STATE OF FLORIDA,

    Defendants.

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Defendant Astrue's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #19), filed on July 24, 2008.[2] Defendant Astrue requests dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction over the subject matter and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (Doc. #19 at 1).[3] Plaintiff, who is proceeding as a *pro se* litigant, filed his response to Defendant Astrue's

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] On December 22, 2008, the undersigned issued a report and recommendation to dismiss the complaint against Defendant The State of Florida (Doc. #36).

[3] Alternatively, Defendant Astrue states, "This motion may be treated as one for summary judgment pursuant to the Federal Rules of Civil Procedure, Rule 56." (Doc. #19 at 1.) Upon review and consideration of the record before the Court, the undersigned finds summary judgment is not appropriate.

Motion to Dismiss on July 31, 2008 (Doc. #22).

## I. Factual Background

Plaintiff asserts in his complaint that the federal courts have jurisdiction over this action pursuant to 28 U.S.C. § 1343 and § 1361. Plaintiff also states this action arises under 42 U.S.C. § 401 et seq.[4] and 20 C.F.R. § 404 and § 416. Although Plaintiff has filed somewhat of a shotgun style complaint, Plaintiff enumerated four distinct counts within the complaint, while also raising various allegations within the "Entitlement to Relief" section of the complaint.

Plaintiff alleges in Count I of the complaint that "Judge Deitch" and "Judge Jones" abused their discretion when they violated 20 C.F.R. § 404.1520 "by committing fraud" when they determined Plaintiff's condition "was not on the list of impairments when in fact it was. . ." (Doc. #1 at ¶ 29).[5] In the Entitlement to Relief section of the complaint, Plaintiff claims Judges Deitch and Jones "committed fraud or similar fault" when they found Plaintiff's condition was not contained within the listing of impairments (Doc. #1 at ¶ 4). Plaintiff goes on to allege a "malicious and wrongful denial" of his Social Security benefits.

---

[4] Et seq. is defined as those pages or sections that follow. *Black's Law Dictionary* 574 (7th ed. 1999).

[5] The Court takes notice that Administrative Law Judge Robert C. Deitch and Administrative Law Judge Philemina M. Jones are administrative law judges with the Social Security Administration who hear cases in which claimants seeking social security disability benefits have requested an administrative hearing following a prior denial of benefits. *See* Doc. #1 at Entitlement to Relief ¶ 4.
 The listing of impairments to which Plaintiff refers may be found in 20 C.F.R. § 404 Appx. 1 Sub. P. The listings represent an automatic determination of disability based on specific medical findings, rather than an individual judgment based on all relevant factors of a claimant's claim. *See* 20 C.F.R. § 404.1520(d); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

2

(Doc. #1 at ¶ 5.) In Count II of the complaint, Plaintiff alleges the Veteran's Administration (VA) and the Social Security Administration (SSA) maliciously conspired to postpone his career as a computer systems analyst as punishment for exercising his right to due process in Traffic Court or to reduce agency liability (Doc. #1 at ¶ 32). Plaintiff alleges in Count III that the VA, the SSA, and other government agencies interfered with Plaintiff's right to acquire useful knowledge by maliciously preventing him from finishing college (Doc. #1 at ¶ 35).[6] In Count IV Plaintiff alleges "[t]he Defendants"[7] worked in unison with other branches or agencies of the government, such that Plaintiff was "maliciously caused" to breach a contract with an apartment complex. Plaintiff asserts that pursuant to 20 C.F.R. § 404.130, he was fully insured as of the onset date of his alleged disability and is entitled to Social Security disability benefits "pursuant to 20 C.F.R. § 404.315, by step 3 of the 5 step process" (Doc. #1 at ¶ 26). Plaintiff claims the Appeals Council of the SSA denied his request for review and he therefore has exhausted all requisite administrative remedies (Doc. #1 at ¶ 2).

## II. Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides the complaint must contain

---

[6]Upon review of Plaintiff's Motion in Opposition to Defendant State of Florida's Motion to Dismiss, the Court notes Plaintiff clarified the allegations in his complaint by stating that "the Veterans Affairs (VA) and Social Security [Administration], including the State of Florida, maliciously violated [his] right to Liberty by preventing [him] from acquiring useful knowledge by wrongfully withholding Social Security insurance benefits and Vocational Rehabilitation benefits which is costing [him] employment and intellectual property income" (Doc. #13 at 1-2).

[7]The Court takes notice that Defendant Michael J. Astrue is the current Commissioner of Social Security of the Social Security Administration. Any reference to the "Defendant" herein shall pertain solely to Michael J. Astrue as the Commissioner of Social Security.

"a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12. Fed. R. Civ. P. 12(b)(6). Courts are directed to give pleadings a liberal reading when reviewing a 12(b)(6) motion to dismiss, particularly when the pleader is proceeding *pro se*. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Though the complaint need not contain detailed factual allegations, the facts alleged in support of the claim(s) "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-54 (2007) (internal citation omitted). In determining the sufficiency of the claim, the Court is required to accept all Plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to Plaintiff. *See, e.g., Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "While the court must accept all well-pleaded allegations in a complaint as true, the court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers, Inc.*, 993 F.Supp. 1475, 1476 (M.D. Fla. 1998) (internal citation omitted).

"If extraneous material is presented to the Court in the motion to dismiss, under Rule 12(b) the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Swindell v. Florida East Coast Ry., LLC,* No. 3:03-cv-435- J- TEM, 2005 WL 2387614, at *2 (M.D. Fla. Sep 28, 2005) (citing *Campbell v. Upjohn Co.*, 498 F.Supp. 722, 729 (W.D. Mich. 1980), *aff'd*, 676 F.2d 1122 (6th Cir. 1982)). "Whenever a

4

judge considers matters outside the pleadings in a Rule 12(b)(6) motion that motion is thereby converted into a Rule 56 Summary Judgment motion." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden of establishing the absence of a genuine issue is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. Discussion and Analysis

Defendant Astrue asserts there are five reasons this action should be dismissed. First, Defendant Astrue contends Plaintiff's claim against him under 28 U.S.C. § 1343 should be dismissed for lack of jurisdiction (Doc. #19 at 4). Second, Defendant Astrue argues Plaintiff has failed to establish a viable procedural due process claim for which relief may be granted (Doc. #19 at 8). Third, Defendant Astrue asserts Plaintiff has failed to establish a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., for which relief may be granted (Doc. #19 at 9). Fourth, Defendant Astrue contends Plaintiff did not bring this civil action under 42 U.S.C. § 405(g), and therefore, this Court has no jurisdiction to review the Commissioner's final decisions that Plaintiff is not eligible for disability insurance benefits (Doc. #19 at 12). Fifth, Defendant Astrue argues Plaintiff's claim under 28 U.S.C. § 1361 should be dismissed for failure to state a claim for which relief may be granted (Doc. #19 at 14).

Plaintiff asserts Defendant's sovereign immunity is waived by the FTCA (Doc. #22

at 4). Next, Plaintiff also argues sovereign immunity is waived by 42 U.S.C. §§ 405(g) or (h) and states he has complied with the requirements of these sections (Doc. #22 at 6). Plaintiff contends mandamus and/or equitable jurisdiction is appropriate. More specifically, Plaintiff asserts, "The case has appropriately been brought before this Court pursuant to 42 U.S.C. [§] 405(g) and (h). . ." (Doc. #22 at 6-7). Plaintiff argues he has alleged enough facts in the complaint to bring about a cause of action and contends summary judgment for Defendant is not appropriate (Doc. #22 at 7-8).

No extraneous materials were presented with Defendant Astrue's motion to dismiss. As discussed more fully below, the Court finds genuine issues of material fact remain present in this case. Therefore, summary judgment in Defendant Astrue's favor is not appropriate.

**Jurisdiction Pursuant to 28 U.S.C. § 1343**

Defendant Astrue correctly argues that this Court lacks jurisdiction over this matter, under 28 U.S.C. § 1343. Under § 1343, district courts have jurisdiction of any civil action to recover damages resulting from an act done in furtherance of any conspiracy mentioned in section 1985 of Title 42 or from any person who fails to prevent or aid in preventing any wrongs mentioned in section 1985 of Title 42. 28 U.S.C. § 1343(a)(1), (2). Section 1343 also provides district courts with original jurisdiction of any civil action to redress the deprivation, under color of State law, of any right, privilege or immunity secured by the Constitution of the United States or any Act of Congress providing for equal rights. 28 U.S.C. § 1343(a)(3). District courts also have original jurisdiction of civil actions under an Act of Congress providing for the protection of civil rights. 28 U.S.C. § 1343(a)(4). Section 1985 prohibits conspiracy to interfere with civil rights. 42 U.S.C. § 1985. Such interference

6

includes preventing an officer from performing duties, 42 U.S.C. § 1985(1), obstructing justice by intimidating a party, witness, or juror, 42 U.S.C. § 1985(2), and depriving a person of rights or privileges, 42 U.S.C. § 1985(3).

Plaintiff does not state any facts alleging a conspiracy under § 1985 (1) or (2). Plaintiff does, however, in somewhat obtuse fashion, claim deprivation of his rights and privileges through the conspiracy of various governmental agencies. *See generally*, Doc. #1, Complaint. In order to establish a conspiracy under § 1985(3), "there must be some racial, or . . . otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Though Plaintiff contends the VA and SSA conspired to postpone his career and to deprive him from acquiring useful information (*see* Doc. #1 at ¶¶ 32, 35), he fails to allege any racial or other class-based discrimination required under § 1985. Thus, the Court has no jurisdiction under § 1343 for Plaintiff's claims in Count II and Count III of the complaint.

**Procedural Due Process**

Under a broad reading of Count III of the complaint, it appears Plaintiff may have attempted to raise a due process violation by claiming the Social Security Administration and the VA wrongfully denied his benefits and interfered with his right to acquire useful knowledge (Doc. #1 at ¶ 35). The Fifth Amendment provides no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V. Plaintiff has not alleged deprivation of life or property interests. Review of the complaint indicates Plaintiff may have sought to claim the possible loss of a liberty interest.

In order to establish a claim for a violation of procedural due process of one's liberty, a plaintiff must demonstrate he was deprived of a *protected* liberty interest. *See*

7

*Magluta v. Samples*, 375 F.3d 1269, 1277-80 (11th Cir. 2004) (emphasis added). One of the liberty interests protected by the Fifth Amendment is a right to acquire useful knowledge. *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Therefore Plaintiff has established he has a protected liberty interest in acquiring useful knowledge.

However, Plaintiff has not alleged any facts suggesting that Defendant has deprived him of his right to acquire useful knowledge. In fact, twice in Plaintiff's complaint he asserted he was forced to withdraw from school due to his medical conditions (*see* Doc. #1 at ¶¶ 8, 10). Plaintiff also alleged that the VA, which is not a named party in this suit, maliciously denied him vocational rehabilitation after one semester because of driver's license issues that reportedly forced him to withdraw from college (Doc. #1 at ¶ 16). Thus, Plaintiff has failed to state a claim of procedural due process upon which relief may be granted.

**Federal Torts Claim Act**

Though Plaintiff labeled Counts I, II, and III as "government torts" and identified Count IV as "Tortious Interference with Contractual Relations," Plaintiff has not alleged any violations of the Federal Tort Claims Act. Reading the complaint liberally, the Court construes Plaintiff's allegations of government's tortious conduct as alleged violations of the FTCA. The United States has waived its sovereign immunity under the FTCA for certain torts caused by the negligence or wrongful act of a federal employee. 28 U.S.C. §§ 1346(b)(1), 2674.

Although Count II is characterized as a "government tort" by Plaintiff, the alleged conspiracy and due process violations stated therein are addressed more fully in the preceding sections of this Report and Recommendation. Nonetheless, the Court is

obligated to construe Plaintiff's complaint liberally when reviewing a motion to dismiss. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d at 1369. Even assuming Plaintiff asserted jurisdiction under § 1343, Plaintiff's claim of conspiracy between the VA and Social Security fails to state a cause of action upon which relief may be granted. "In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." *Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) (internal citation omitted). In a conspiracy case, a plaintiff's factual allegations must be sufficient to notify the defendant of the nature of the alleged conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). In the instant matter, Plaintiff has failed to allege any particularized facts pertaining to the alleged conspiracy, but rather makes a conclusory allegation that a conspiracy existed between the VA and the SSA. Plaintiff has failed to state a cause of action in Count II of the complaint under either 28 U.S.C. § 1343 or the FTCA.

This Court lacks subject matter jurisdiction of the claims alleged in Counts I, III, and IV of Plaintiff's complaint under the FTCA. The FTCA provides for several exceptions to the waiver of sovereign immunity by the United States under the Act. *See* 28 U.S.C. § 2680. In pertinent part, the FTCA excepts from the United States's consent to suit any claim arising out of misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h).

In Count I of the complaint, Plaintiff alleges ALJ Deitch and ALJ Jones "committ[ed] fraud by stating [his] condition was not on the list of impairments when in fact it was" (Doc. #1 at ¶ 29). "It is the substance of the claim and not the language used in stating it which controls whether the claim is barred by an FTCA exception." *JBP Acquisitions, L.P. v.*

9

*United States ex rel. FDIC*, 224 F.3d 1260, 1264 (11th Cir. 2000) (quoting *Gaudet v. United States*, 517 F.2d 1034, 1035 (5th Cir. 1975)). Plaintiff's claim of fraud is grounded in an allegation of misrepresentation or deceit by the Social Security administrative law judges to deny Plaintiff benefits. Thus, to the extent Plaintiff is alleging fraud in Count I, the claim is barred by the misrepresentation or deceit exception to the waiver of sovereign immunity under the FTCA.

To the extent Plaintiff is framing Count III of the complaint, which contains an allegation wrongful denial of benefits and interference with Plaintiff's acquisition of useful knowledge, as a government tort, the FTCA does not support such a claim. The FTCA provides that it does not apply to civil actions against a federal employee which are brought for a violation of the Constitution of the United States. 28 U.S.C. § 2679(b)(2)(A); *see Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983) ("[A due process] claim does not fall under the FTCA since it is founded on the Constitution and not the laws of the state . . .").

Plaintiff alleges in Count IV of the complaint that the government "maliciously caused [him] to breach a contract" (Doc. #1 at ¶ 38). Claims for interference with contract rights are excluded from the FTCA. 28 U.S.C. § 2680(h). Therefore the Court lacks jurisdiction of this claim.

**Jurisdiction Pursuant to 28 U.S.C. § 1361**

Plaintiff requests the Court order Defendant Astrue to pay all past due benefits as well as to hold a hearing to determine why agencies of the government conspired to deprive him of his liberty (Doc. #1 at ¶ 40(a), (b)). Section 1361 provides district courts have jurisdiction of a mandamus action to compel a federal officer or employee or a federal agency to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. "Mandamus is an

extraordinary remedy which should be utilized only in the clearest and compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). In order for the court to have mandamus jurisdiction, the plaintiff must have exhausted all other avenues of relief and must demonstrate the defendant owes him a clear nondiscretionary duty. *Id.* at 1258 (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Here, Plaintiff has failed to demonstrate Defendant Astrue owes him a clear nondiscretionary duty. Further, some question may exist as to whether Plaintiff has exhausted all avenues of relief at law. *See discussion*, Jurisdiction Pursuant to 42 U.S.C. § 405(g), *infra*. Furthermore, Plaintiff has failed to allege a valid claim of violation of due process. Therefore, Defendant Astrue does not owe Plaintiff a clear nondiscretionary duty to hold a hearing on why Plaintiff was deprived of his liberty. Mandamus relief is inappropriate on the facts of this case. *See Cash v. Barnhart*, 327 F.3d 1252 at 1258.

**Jurisdiction Pursuant to 42 U.S.C. § 405(g)**

The procedures for judicial review of the Commissioner of Social Security's final decision to deny an application for disability benefits are set forth in 42 U.S.C. § 405(g). Pursuant to § 405(g), an individual may obtain review of a final decision of the Commissioner of Social Security by a civil action brought in a federal district court, provided the civil action under § 405(g) is be commenced within sixty days after the notice of the decision is mailed or within such time as the Commissioner may allow. 42 U.S.C. § 42(g). Judicial review of the final decision of the Commissioner is limited by § 405(h), which provides that no action may be brought against the United States or the Commissioner of Social Security under 28 U.S.C. § 1346 to recover on any claim arising under Federal Old-

Age, Survivors, and Disability Insurance Benefits. 42 U.S.C. § 405(h).

Plaintiff correctly notes in his response to the instant motion to dismiss that he did not invoke 28 U.S.C. §§ 1331 or 1346 to establish this Court's jurisdiction (Doc. #22 at 6). In the first section of the complaint, captioned as "Allegation of Jurisdiction," Plaintiff explicitly states, "This action arises under the United States Code Title 42 Chapter 7 Section § 401 et. [sic] seq. . ." (Doc. #1 at 1). Plaintiff further states he has been wrongfully denied Social Security benefits (Doc. #1 at 2), that he was fully insured as of the onset date of his claimed disability (Doc. #1 at 7), that he is entitled to Social Security disability benefits (Doc. #1 at 7), and that the Appeals Council has denied his request for review (Doc. #1 at 1). Plaintiff further implies in the complaint that he meets a listed impairment and provides a modicum of medical history in support of his allegations.

The Court finds a liberal reading of Plaintiff's complaint as a *pro se* litigant reveals Plaintiff has provided a short, plain statement of a claim for entitlement to relief under Fed. R. Civ. P. 8 and Plaintiff has sufficiently stated the basis of the Court's jurisdiction for appeal of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits. Although Plaintiff does not specifically refer to 42 U.S.C. § 405(g) as the jurisdictional basis for appeal of the denial of Social Security disability benefits, Plaintiff's reference to 42 U.S.C. § 401 et seq. is adequate in view of Plaintiff's *pro se* status. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976)*; GJR Invs., Inc. v. County of Escambia*, 132 F.3d at 1369.

Plaintiff appears to challenge two separate administrative decisions from the Social Security Administration in which Plaintiff's applications for disability benefits were denied. On December 28, 2000, ALJ Robert C. Deitch denied Plaintiff's application for DIB that was

filed on November 12, 1999 and alleged a closed period of disability from July 4, 1996 through July 21, 1997 (*see* Doc. #1, Exh. 2).  On May 17, 2007, ALJ Philemina M. Jones denied Plaintiff's applications for DIB and SSI that were filed on January 28, 2005 and alleged disability beginning June 2, 2001 (*see* Doc. #1, Exh. 11).  The distinction in these applications and decisions is significant to the Court's recommendation.

Plaintiff filed this case in federal court on May 6, 2008.  In paragraphs two and three of the complaint, under the section entitled "Allegation of Jurisdiction," Plaintiff asserts the Appeals Council denied his request for review of denial of his Social Security disability benefits on April 16, 2008 (Doc. #1 at 1-2). Plaintiff also declares that all administrative remedies were exhausted and that a claim for Social Security benefits may be reopened at any time within two years if there were fraud or similar fault in the processing of the claim and if there is new and material evidence for the claim.  *Id.*  As noted above, this Court has jurisdiction to review final decisions of the Commissioner, when the final decision denying benefits is appealed to federal court within sixty days after the mailing to the claimant of notice of the denial decision, or within such further time as the Commissioner of Social Security may allow.  42 U.S.C. § 405(g).

The Commissioner, not the Court, may reopen a decision to deny disability benefits at any time if the decision was obtained by fraud or similar fault.  20 C.F.R. §§ 404.988(c), 416.1488.  Similarly, the Commissioner, not the Court, may reopen a decision to deny DIB for good cause shown within four years of the date of the initial determination, 20 C.F.R. § 404.988(b), and may reopen a decision to deny SSI disability payments for good cause shown within two years of the date of the initial determination, 20 C.F.R. § 416.1488(b).  Good cause is defined as those situations wherein new and material evidence is furnished,

13

a clerical error was made, or the decision was clearly erroneous on its face. 20 C.F.R. §§ 404.989, 416.1489. Prior to review by a federal court, there must be a final decision of the Commissioner and the claimant must have exhausted all administrative remedies.

There is no information in the record to suggest Plaintiff sought review of the December 28, 2000 decision with the Appeals Council, nor that Plaintiff sought to reopen that decision with the Commissioner. Thus, it does not appear Plaintiff exhausted the available administrative remedies before bringing the denial of the DIB application dated November 12, 1999 before this Court. Furthermore, Plaintiff has merely stated, in conclusory fashion, that the decision was rendered through fraud of the administrative law judge. Such statements are insufficient to invoke the jurisdiction of this Court. *See Califano v. Sanders*, 430 U.S. 99, 107-08-(1977) (finding the Social Security Act cannot be read to authorize judicial review of alleged abuses of agency discretion in the context of refusal to reopen claims for Social Security benefits, unless the denial decision is challenged on colorable constitutional grounds).

However, the instant complaint and the attachments thereto do present an adequate statement of Plaintiff's appeal of the Commissioner's denial of disability benefits in the administrative decision dated May 17, 2007. For a statement of jurisdiction, Plaintiff's reference to the "United States Code Title 42 Chapter 7 Section § 401 et. [sic] seq., is found to be sufficient. Plaintiff's claimed facts include the statement that the Appeals Council denied his request for review on April 16, 2008. Plaintiff attached a copy of the May 17, 2007 decision denying disability benefits. Under the broad construction afforded *pro se* litigants, the undersigned finds Plaintiff has adequately pled the basis of jurisdiction and a claim regarding the denial of Plaintiff's DIB and SSI applications dated January 28,

2005.

## IV. Conclusion

For the aforementioned reasons, the undersigned finds Defendant Astrue's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. #19) is **due to be granted in part and denied in part**. The undersigned respectfully recommends Plaintiff's complaint against Defendant Michael J. Astrue, as the Commissioner of Social Security, be **DISMISSED** as to Counts I, II, III and IV of the complaint. The undersigned further recommends the body of Plaintiff's complaint be read to seek review of two decisions of the Commissioner of Social Security which denied Plaintiff's claims for disability benefits. The undersigned respectfully recommends Plaintiff's appeal of denial of disability insurance benefits: (1) as stated in the December 28, 2000 decision of ALJ Robert Deitch, be **DISMISSED** as untimely and for failure to exhaust the available administrative remedies; and, (2) that Defendant Astrue be **directed to file a responsive pleading** to the complaint, to the extent the complaint is construed to state an appeal of the May 17, 2007 decision of ALJ Philemina Jones. As Plaintiff has arguably stated a claim upon which relief may be granted, and with regard to which genuine issues of material fact remain, Defendant's alternative pleading for summary judgment must fail at this juncture.

**DONE AND ENTERED** at Jacksonville, Florida this  21st  day of January, 2009.

Copies:
All Counsel of Record
*Pro Se* Parties
The Hon. Marcia Morales Howard

*[signature: Thomas E. Morris]*
**THOMAS E. MORRIS**
United States Magistrate Judge