**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK C. JACKSON,

    Plaintiff,

vs.                                      CASE NO. 3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security
(the Commissioner), and the
STATE OF FLORIDA,

    Defendants.

_____

### REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's request for partial summary judgment regarding his claim for entitlement to Social Security disability benefits, as stated in Plaintiff's Motion to Reconsider Order of This Court Dated the 15th Day of September 2008 Denying Temporary Restraining Order for Procedural Defect (Doc. #23) With Incorporated [Memorandum] (*see* Doc. #25 at 3-4). The Court will construe Plaintiff's request as a motion for partial summary judgment against Defendant Michael J. Astrue as the Commissioner of Social Security. Defendant Astrue has responded in opposition to Plaintiff's request for partial summary judgment (*see* Doc. #27, Response). Plaintiff, who is proceeding in this litigation on a *pro se* basis, improperly filed a reply to Defendant

---

[1]Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Astrue's response (*see* Doc. #28). The matter has been referred to the undersigned for a report and recommendation.[2]

As an ancillary issue, the Court has reviewed Plaintiff's Reply to Defendant Astrue's Response (Doc. #28, Reply). Plaintiff's reliance on Rule 7(b) of the Federal Rules of Civil Procedure to file his reply is misplaced. Rule 7(b) simply sets forth the general requirements for motions and other papers filed in federal courts. *See* Fed. R. Civ. P. 7 (2007). In contrast, Rule 3.01(c) of the Local Rules, United States District Courts, Middle District of Florida, states with specificity that **no party may file a reply** or further memorandum directed to a motion or response, unless the Court grants leave to do so. M.D. Fla. Loc. R. 3.01 (2006) (emphasis added).

The Court takes notice of Plaintiff's *pro se* status, but also notes Plaintiff obviously has familiarity with many aspects of legal proceedings in federal court, as evidenced by Plaintiff's references and citations in his filed documents. *See, e.g.*, Doc. #1, Complaint (wherein Plaintiff refers to various titles and sections of the United States Code, as well as various sections and parts of the Code of Federal Regulations). Further, Plaintiff has filed other litigation on a *pro se* basis, *see* Jackson v. Grimes, Case No. 6:06-cv-1643-Orl-19KRS, and this Court has advised Plaintiff of his responsibility to familiarize himself with

---

[2]On December 22, 2008, the undersigned issued a report and recommendation to dismiss the complaint against Defendant The State of Florida (Doc. #36). On January 21, 2009, the undersigned issued a report and recommendation to dismiss the complaint against Defendant Michael J. Astrue in all respects except to the extent the complaint can be read to state an appeal of the May 17, 2007 decision of ALJ Philemina Jones, in which Plaintiff was denied his January 28, 2005 applications for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments.

the applicable rules (*see* Doc. #5, Court Order). Therefore, Plaintiff is deemed to be more familiar with federal litigation than would be the "typical" *pro se* litigant.

Having reviewed Plaintiff's Reply, the Court finds the Reply merely restates matters already raised in other documents and would not be of benefit to the Court in resolution of this matter. Plaintiff is again reminded he is subject to the same law and rules of court as a litigant who is represented by counsel. Accordingly, Plaintiff's Reply (Doc. #28) **shall be stricken from the record**. The electronic image of the document shall remain on the CM/ECF system.

**Discussion and Analysis**

In conclusory fashion, Plaintiff asserts he is entitled to partial summary judgment regarding his Social Security claim because: (1) there are no genuine issues of any material facts in controversy; (2) the determination of his Social Security benefits is a matter of law; and, (3) the duration requirement has been met, he is unemployed, his conditions are severe and on the list of impairments, he has enough credits to be entitled to Social Security benefits, and he is "disabled at step 3 of the 5 step process" under 20 C.F.R. § 416.920. In this instance, Plaintiff has cited to no case law to support his position. Neither has Plaintiff submitted affidavits or additional documentation in support of his position. The Court does note, however, Plaintiff included several exhibits with the complaint which are related to his claims for Social Security disability benefits.

Defendant Astrue maintains Plaintiff should be denied the request for partial summary judgment because Plaintiff did not allege a claim under 42 U.S.C. § 405(g) and (h) in his May 6, 2008 complaint (Doc. #27 at 1-2). Defendant Astrue also notes Plaintiff

3

did not allege any specific facts in support of his claim for summary judgment, nor did Plaintiff provide any evidence to support a summary judgment motion (Doc. #27 at 2). Defendant Astrue concedes a willingness to permit Plaintiff to amend the complaint to state a claim under 42 U.S.C. § 405(g). *Id.*

Summary judgment is appropriate only when a court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The burden of establishing the absence of a genuine issue is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The undersigned previously found that under the under the broad construction afforded *pro se* litigants, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Plaintiff adequately pled the basis of jurisdiction and a claim regarding the denial of Plaintiff's January 28, 2005 applications for Social Security disability insurance benefits (DIB) and supplemental security income (SSI) disability payments (*see* Doc. #38, Report and Recommendation). Those applications were denied by the May 17, 2007 decision of administrative law judge (ALJ) Philemina Jones, which became the final decision of the Commissioner of Social Security (Doc. #1, Complaint, Exh. 11). The undersigned also determined genuine issues of material fact remain in this case (Doc. #38 at 6, 11-15). Thus, it was recommended the body of Plaintiff's complaint be read to seek review of two decisions of the Commissioner of Social Security which denied Plaintiff's claims for disability benefits, but that Plaintiff's appeal of denial of disability insurance benefits: (1) as

4

stated in the December 28, 2000 decision of ALJ Robert Deitch, be dismissed as untimely and for failure to exhaust the available administrative remedies; (2) that Defendant Astrue be directed to file a responsive pleading to the complaint, to the extent the complaint is construed to state an appeal of the May 17, 2007 decision of ALJ Philemina Jones; and, (3) that as Plaintiff arguably stated a claim upon which relief may be granted, with regard to which genuine issues of material fact remain, Defendant Astrue's alternative pleading for summary judgment in the filed motion to dismiss must fail.

Here, Plaintiff has not met the burden of proof for summary judgment. Plaintiff has not presented evidence to support a finding for judgment as a matter of law. As noted above, Plaintiff request for partial summary judgment is merely a collection of conclusory statements without factual support. Accordingly, it is respectfully recommended that the construed motion for partial summary judgment, as stated in Plaintiff's Motion to Reconsider (Doc. #25), be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida this 27th day of January, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
All Counsel of Record
*Pro Se* Parties

The Hon. Marcia Morales Howard

5