**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK C. JACKSON,

        Plaintiff,

v.                                                             Case No. 3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE, Commissioner of
Social Security (the Commissioner), and the
STATE OF FLORIDA,

        Defendants.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on three Reports and Recommendations submitted by the Honorable Thomas E. Morris, United States Magistrate Judge. The first Report and Recommendation (Dkt. No. 36; RR 36) was entered on December 22, 2008, followed by the second Report and Recommendation (Dkt. No. 38; RR 38) on January 21, 2009, and the third Report and Recommendation (Dkt. No. 39; RR 39) on January 27, 2009. Plaintiff has filed objections to all three Reports and Recommendations. See Plaintiff's Motion Objecting to Judge Thomas E. Morris's Reports and Recommendations Documents [sic] 36[2] (Dkt. No. 59; Objections to RR 36); Plaintiff's Motion Objecting to Judge Thomas E.

---

      [1]     This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

      [2]     Although it appeared that Plaintiff responded to RR 36 in Dkt. No. 40, upon careful review of the docket, the Court found no evidence that Plaintiff was provided a copy of RR 36 at the time of its entry. Thus, the Court gave Plaintiff an additional opportunity to respond to RR 36, see Order (Dkt. No. 57), which Plaintiff did on September 17, 2009, see Plaintiff's Motion Objecting to Judge Thomas E. Morris's Reports and Recommendations Documents [sic] 36 (Dkt. No. 59, Objections to RR 36).

Morris's Reports and Recommendations Documents 36 and 38 with Incorporated Memorandum of Law (Dkt. No. 40; Objections to RR 38); Plaintiff's Motion Objecting to Judge Thomas E. Morris's Report and Recommendation Document 39 with Incorporated Memorandum of Law (Dkt. No. 41; Objections to RR 39). The State of Florida responded to Plaintiff's objections on March 12, 2009,[3] see Defendant State of Florida's Response to Court Order of March 9, 2009 (Dkt. No. 47), and Defendant Astrue has also responded, see Defendant Astrue's Response to Plaintiff's Objections in Accordance with the March 9, 2009, Court Order (Dkt. No. 49). Thus, the three Reports and Recommendations are ripe for review.

**I. Procedural History**

On May 6, 2008, Plaintiff, proceeding pro se, filed a complaint asserting four distinct claims. See generally Complaint (Dkt. No. 1). First, Plaintiff alleges that two Administrative Law Judges abused their discretion and committed fraud when they rejected his requests for Social Security disability insurance benefits.[4] See id. at 7-8. Second, Plaintiff alleges that the Veteran's Administration (VA) and the Social Security Administration (SSA) conspired to postpone his career in retaliation for his assertion of due process rights in Traffic Court, or to reduce agency liability. Id. at 8. Third, Plaintiff alleges that the VA, SSA, and other government agencies, acting together, deprived him of his right to acquire

---

[3] The Court notes that the State of Florida never responded to Plaintiff's substantive objections to RR 36, but only to his response stating he did not receive RR 36. See supra note 2. However, because Plaintiff's substantive objections merely rehash conclusory allegations in the Complaint, the State of Florida was not prejudiced.

[4] The second ALJ also denied a request for supplemental security income. See Complaint, Ex. at 25.

useful knowledge. Id. at 8-9.  And fourth, Plaintiff claims that the SSA, the State of Florida, and other government agencies maliciously caused him to breach an apartment rental contract. Id. at 9.

The State of Florida filed a motion to dismiss in response to Plaintiff's Complaint, see Defendant State of Florida's Motion to Dismiss (Dkt. No. 11; Florida's Motion to Dismiss), and Defendant Astrue moved for dismissal, or alternatively, for summary judgment, see Defendant Astrue's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 19; Astrue's Motion to Dismiss).  Plaintiff filed memoranda in opposition to both Defendants' motions. See Plaintiff's Motion in Opposition to Defendant State of Florida's Motion to Dismiss (Dkt. No. 13; Opposition to Florida's Motion to Dismiss); Plaintiff's Motion in Opposition to Defendant Astrue's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 22; Opposition to Astrue's Motion to Dismiss).  In addition, Plaintiff filed a motion for partial summary judgment regarding his entitlement to Social Security disability benefits, which Defendant Astrue opposes. See Plaintiff's Motion to Reconsider Order of this Court Dated the 15th Day of September 2008 Denying Temporary Restraining Order for Procedural Defect (Doc # 23) with Incorporated Memorandum of Law (Dkt. No. 25 at 3-4; Plaintiff's Motion for Summary Judgment); Defendant Astrue's Response to Plaintiff's September 19, 2008 Motion for Reconsideration Denying Temporary Restraining Order and for Partial Summary Judgment (Dkt. No. 27; Opposition to Plaintiff's Summary Judgment). The Honorable Thomas E. Morris, United States Magistrate Judge, prepared reports and recommendations as to each motion. See RR 36; RR 38; RR 39.

## II. Findings Made by the Magistrate Judge

The Magistrate Judge first evaluated Florida's Motion to Dismiss in RR 36. See RR 36 at 1. After review of the filings in this case, including Plaintiff's Opposition to Florida's Motion to Dismiss, the Magistrate Judge recommended that this Court grant the motion and dismiss Plaintiff's action against the State of Florida. Id. at 11. In doing so, the Magistrate Judge concluded that Plaintiff's claim against the State of Florida was not properly before the Court. Id. at 8. Specifically, he found that the Eleventh Amendment bars Plaintiff's conspiracy claims brought against a state under 42 U.S.C. § 1985.[5] Id. at 7. The Magistrate Judge also found that Plaintiff's conspiracy claim lacked particularized facts and an allegation of class-based discriminatory animus as required to state a claim under § 1985.[6] Id. at 8-9. Liberally construing Plaintiff's pro se Complaint, the Magistrate Judge also interpreted it to include a request for the reinstatement of his driver's license, but then noted that federal courts lack jurisdiction to review state court judgments. Id. at 8. Finally, the Magistrate Judge determined that Plaintiff did not allege any facts to support his denial of due process allegations. Id. at 9-10. Based upon these conclusions in RR 36, the Magistrate Judge recommended that the Court grant Florida's Motion to Dismiss. Id. at 11.

Next, in RR 38, the Magistrate Judge considered Astrue's Motion to Dismiss and Plaintiff's Opposition to Astrue's Motion to Dismiss. See RR 38 at 1-2. The Magistrate

---

[5] Plaintiff asserts jurisdiction based upon 28 U.S.C. § 1343, see Complaint at 1, which gives federal district courts jurisdiction over conspiracy claims under 42 U.S.C. § 1985. See 28 U.S.C. § 1343(a)(1) (2006).

[6] Section 1985(3) requires a class-based discriminatory animus behind the conspirator's action. See RR 39 at 9 (quoting United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 835 (1983).

-4-

Judge determined that the Court did not have jurisdiction under 28 U.S.C. § 1343, as Plaintiff alleges, because Plaintiff failed to allege class-based discrimination as required to state a claim under 42 U.S.C. § 1985. Id. at 7. He also found that Plaintiff did not allege any facts to suggest that Defendant Astrue deprived him of his right to acquire useful knowledge. Id. at 8. Nor could Plaintiff state a valid claim under the Federal Tort Claims Act. Id. at 8-10. Finally, the Magistrate Judge determined that the Court did not have mandamus jurisdiction under 28 U.S.C. § 1361 because Plaintiff could not demonstrate that Defendant Astrue owed him a clear, nondiscretionary duty. Id. at 10-11. As such, the Magistrate Judge recommended that this Court grant Defendant Astrue's Motion to Dismiss as to all four counts in Plaintiff's Complaint. Id. at 15. However, the Magistrate Judge also recommended that this Court construe Plaintiff's Complaint as an appeal from two decisions by the Commissioner of Social Security each of which denied a claim by Plaintiff for disability benefits. Id. at 15. Defendant Astrue does not oppose this construction of the pleadings. See Opposition to Plaintiff's Summary Judgment at 2. Regarding these Social Security determinations, the Magistrate Judge recommended that this Court dismiss Plaintiff's appeal from the December 28, 2000 decision ("2000 Decision") as untimely and based on Plaintiff's failure to exhaust his administrative remedies, but allow Plaintiff's challenge to the May 17, 2007 decision ("2007 Decision") to proceed. RR 38 at 15. Assuming this construction of the Complaint, the Magistrate Judge has recommended that this Court direct Defendant Astrue to file a responsive pleading to Plaintiff's appeal from the 2007 Decision and deny Defendant Astrue's alternative motion for summary judgment contained in Astrue's Motion to Dismiss. Id.

The last motion before the Magistrate Judge was Plaintiff's Motion for Summary Judgment. After a careful review of this motion, and Defendant Astrue's Opposition to Plaintiff's Summary Judgment, the Magistrate Judge issued RR 39 in which he recommended that the Court deny Plaintiff's Motion for Summary Judgment because issues of material fact remain and Plaintiff did not provide any support for his conclusions. See RR 39 at 4-5.

### III. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (2006). If specific objections to findings of facts are timely filed, then the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). However, "[f]rivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982).[7] Nevertheless, the Court will review all legal conclusions in the Reports de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); see also U.S. v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

### IV. Discussion

Plaintiff objects to all three Reports and Recommendations. See Objections to RR 36; Objections to RR 38; Objections to RR 39. Upon de novo review of all legal findings

---

[7] The Fifth Circuit has since overruled Nettles, but it remains binding precedent in the Eleventh Circuit. See U.S. v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009); see also Roberts v. Astrue, No. 4:08-cv-00163-MP-WCS, 2009 WL 1107960, at *1 (N.D. Fla. Apr. 24, 2009) (applying Nettles in the same context as in the instant case).

and the factual findings specifically objected to, and review for clear error as to all other factual findings, the Court finds that Plaintiff's objections are due to be overruled, and, as recommended by the Magistrate Judge, all of Plaintiff's claims should be dismissed[8] with the exception of his appeal from the 2007 Decision, to which Defendant Astrue should file a response. Before doing so, however, the Court will address briefly Plaintiff's objections to each Report and Recommendation.

Turning first to Plaintiff's objections to the recommendation in RR 36 that Florida's Motion to Dismiss be granted, Plaintiff further describes the State of Florida's alleged involvement in a far-reaching conspiracy to deny Plaintiff due process, employment, and the acquisition of useful knowledge. See Objections to RR 36 at 1-2. However, Plaintiff's "objections" do not actually contest any factual findings or legal conclusions contained in RR 36. Instead, Plaintiff merely restates conclusory allegations of a conspiracy without even addressing the findings in the Magistrate Judge's Report.[9] See RR 36 at 7-10. Thus, upon review of RR 36 and Plaintiff's Objections to RR 36, this Court will overrule the objections and adopt the Magistrate Judge's recommendations in RR 36. Florida's Motion to Dismiss will be granted, and Plaintiff's action against the State of Florida will be

---

[8] The Court will dismiss Plaintiff's claims without prejudice because Plaintiff never amended his Complaint.

[9] Plaintiff also raises new issues in his Objections to RR 36, which were not addressed in the underlying motions (including Plaintiff's allegations that his Mother was also targeted for his assertion of rights and a motion to join his case with his mother's case. See Objections to RR 36 at 2-3. The Court specifically instructed Plaintiff to limit his arguments to issues addressed in RR 36. See Dkt. No. 57, at 2 n.1. The Court will not consider these new arguments not previously raised before the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court, in its discretion, may refuse to consider a litigant's arguments that were not first presented to the magistrate judge).

dismissed.

Next, Plaintiff makes two principal objections to RR 38. In RR 38, the Magistrate Judge interpreted Plaintiff's Complaint as a valid appeal of the 2007 Decision, but recommended dismissing all other claims against Defendant Astrue. See RR 38 at 15. Plaintiff first objects to the Magistrate Judge's finding that he did not allege class-based discrimination in his conspiracy claim as required by 42 U.S.C. § 1985(3). See RR 38 at 7; Objections to RR 38 at 1-2 (citing Complaint at 5-6). The Court finds that Plaintiff's statements, both in the Complaint and in his Objections to RR 38, do not allege national origin discrimination.

Plaintiff also contests the Magistrate Judge's finding that Plaintiff did not seek review of the 2000 Decision. See RR 38 at 14; Objections to RR 38 at 2. While Plaintiff does allege that he sought review of the 2000 Decision in 2002, see Complaint at ¶ 4, it is evident from the allegations of the Complaint that this belated request did not satisfy his obligation to exhaust his administrative remedies. See Complaint at ¶¶ 4, 10, 11. Indeed, in ¶ 2 of the Complaint Plaintiff alleges that he exhausted his administrative remedies, but only as to the 2007 Decision, and in ¶¶ 18-22, he specifically sets forth his attempts at exhaustion with regards to the 2007 Decision. No similar allegations appear in the Complaint with respect to the 2000 Decision. Thus, it is apparent from the face of the Complaint that Plaintiff cannot state a claim for relief under 42 U.S.C. § 405(g) with respect to the 2000 Decision.

In consideration of the foregoing, upon de novo review, this Court finds that Plaintiff's objections to RR 38 are due to be overruled. The Court adopts the Magistrate Judge's

-8-

recommendations in RR 38. As such, Astrue's Motion to Dismiss is due to be granted as to all four counts in Plaintiff's Complaint and Plaintiff's Complaint will be construed as an appeal of the 2000 and 2007 Decisions of the Commissioner of Social Security. This appeal will be dismissed as to the 2000 Decision and Defendant Astrue will be directed to respond to Plaintiff's appeal from the 2007 Decision.[10] Defendant Astrue's alternative motion for summary judgment will be denied.

Lastly, Plaintiff filed objections to RR 39. RR 39 recommends denying Plaintiff's Motion for Summary Judgment. See RR 39 at 5. Once again, Plaintiff's objections simply restate conclusory facts previously alleged. See generally Objections to RR 39. The Court agrees with the Magistrate Judge that Plaintiff's Motion for Summary Judgment can not be granted at this time. In this Order, the Court has determined that Plaintiff's Complaint should be construed as an appeal from the 2007 Decision and Defendant Astrue will be directed to file a responsive pleading. See supra p. 7-8. As Defendant Astrue has not yet had an opportunity to do so, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice at this time. Plaintiff may renew this motion after Defendant Astrue responds to Plaintiff's appeal from the 2007 Decision.

### V. Conclusion

Therefore, upon independent review, the Court agrees with the Magistrate Judge's conclusions and overrules Plaintiff's objections. Accordingly, it is

---

[10] This Court has jurisdiction to hear appeals from final decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). As part of Defendant Astrue's response, "the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." § 405(g).

**ORDERED:**

1. Plaintiff's Objections to the Reports and Recommendations (Dkt. Nos. 40, 41, 59) are **OVERRULED.**

2. The Reports and Recommendations (Dkt. Nos. 36 and 38) submitted by the Honorable Thomas E. Morris, United States Magistrate Judge, are **ADOPTED** as the opinion of the Court.

3. The conclusion in Report and Recommendation (Dkt. No. 39) submitted by the Honorable Thomas E. Morris, United States Magistrate Judge, is **ADOPTED** by this Court.

4. Defendant State of Florida's Motion to Dismiss (Dkt. No. 11) is **GRANTED** and Plaintiff's claims against the State of Florida are **DISMISSED WITHOUT PREJUDICE**.

5. Defendant Astrue's Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. No. 19) is **GRANTED, in part, and DENIED, in part**.

    a. The Motion is **GRANTED** to the extent that Counts One through Four of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE.**

    b. The Motion is also **GRANTED** as to Plaintiff's appeal from the December 28, 2000 decision by the Commissioner of Social Security, which is **DISMISSED**.

      c.      The Motion is **DENIED** as to Plaintiff's appeal from the May 17, 2007 decision by the Commissioner of Social Security and as to Defendant Astrue's Motion for Summary Judgment.

6. Defendant Astrue is **DIRECTED** to file a responsive pleading to Plaintiff's appeal from the May 17, 2007 decision by the Commissioner of Social Security. Defendant Astrue shall have up to and including **December 7, 2009**, to do so.

7. Plaintiff's Motion for Partial Summary Judgment contained in Plaintiff's Motion to Reconsider Order of this Court Dated the 15th Day of September 2008 Denying Temporary Restraining Order for Procedural Defect (Doc #23) with Incorporated Memorandum of Law (Dkt. No. 25 at 3-4) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2009.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i8

Copies to:

The Honorable Thomas E. Morris
United States Magistrate Judge

Counsel of Record

Pro Se Party