**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK C. JACKSON,

    Plaintiff,

vs.                                        CASE NO. 3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

## O R D E R

This case is before the Court on Plaintiff's Motion to Reconsider Order (Doc 79) Denying Stay of Foreclosure Proceedings with Incorporated Memorandum of Law (Doc. #83). Plaintiff asserts that the undersigned was "clearly erroneous in denying [Plaintiff's] motion to stay foreclosure proceedings based on grounds that those involved in the foreclosure proceedings are not named parties to this instant litigation or the motion [was] outside the scope of this proceeding..." (Doc. #83 at 2). As support for his position, Plaintiff refers to Federal Rule Civil Procedure 71 as authority that the Court can, and in this case should, grant and enforce orders against non-parties (*see* Doc. #83 at 1-2).

Rule 71 provides, "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Plaintiff's attempt to apply Rule 71 in this instance is inapposite. "Rule 71 *does not undertake to say when an order can be made* in favor of or against a person not a party." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3031 (2d ed. 1997). The rule "merely provides that when this can be done nonparties have recourse to, and are subject to, process in the same measure as parties." *Id.*

Rule 71 is essentially a rewording of former Equity Rule 11, which enabled a non-party to enforce orders made in his favor by the same process as if he were a party." *In re Employment Discrimination Litigation Against the State of Ala.*, 213 F.R.D. 592, 598 (M.D. Ala. 2003).  This rule has been narrowly applied and historically its application was intended to "enable non-parties to pursue relief in court in circumstances where they [have] been specifically identified as beneficiaries of an order." *Id.* at 599.  Rule 71 is not a tool, as Plaintiff would suggest, whereby an individual party to an action may pursue legal remedies against a non-party simply by bringing a motion requesting such.

There are three grounds recognized for granting reconsideration of a previously issued order: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice.  *Reyher v. Equitable Life Assurance Soc'y of the U.S.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Plaintiff has not introduced any change in controlling law, nor has Plaintiff introduced any new evidence or set forth new relevant facts for the Court's consideration.  In sum, Plaintiff has merely attempted to re-hash the earlier filed motion.  *See Miller v. Norfolk Southern Rwy. Co.*, 208 F.Supp.2d 851, 852 (N.D. Ohio 2002) (action on requested reconsideration motions should not be taken where such motions merely restyle or re-hash the initial issues).

Thus, upon due consideration, Plaintiff's Motion to Reconsider Order (Doc 79) Denying Stay of Foreclosure Proceedings with Incorporated Memorandum of Law (Doc. #83) is hereby **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this  28th   day of January, 2011.

Copies to:
*Pro Se* Plaintiff
All counsel of record
Hon. Marcia Morales Howard

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge