UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK C. JACKSON,

    Plaintiff,

vs.                                            CASE NO. 3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## O R D E R

This case is before the Court on a number of non-dispositive motions filed by Plaintiff. More specifically, over the past several months Plaintiff has filed: Plaintiff's Second Emergency Motion for Declaratory Judgment (Doc. #73), Plaintiff's Third Motion for Declaratory Judgment (Doc. #85), Plaintiff's Fourth Motion for Declaratory Judgment (Doc. #90), and Plaintiff's Motion to Stay Collection of Student Loans (Doc. #89).[1] Defendant filed its opposition to the motion to stay collection of Plaintiff's student loans (see Doc. #91).

As background, this Court previously issued Reports and Recommendations to grant Defendant the State of Florida's Motion to Dismiss (Doc. #11) and to grant in part and deny

---

[1] With the exception of Plaintiff's Motion to Stay Collection of Student Loans, Plaintiff failed to contact opposing counsel in accordance with Local Rule 3.01(g), in an effort to resolve the motions prior to bringing the matters before the Court. Under the particular circumstances of the motions for declaratory judgment, which on their face are invalid, the Court will overlook these past failures to follow the Local Rules. **Plaintiff is cautioned, however, that failure to adhere to the mandates of the Local Rules in the future, most particularly Local Rule 3.01(g), will result in the Court's denial of the offending motion without consideration on its merits**. Plaintiff has been previously advised of his obligation to follow the Local Rules of the Middle District of Florida, as well as the Federal Rules of Civil Procedure (see Doc. #5, Court Order). Furthermore, Plaintiff is obviously familiar with litigation in federal courts, as demonstrated by his pursuit of litigation in this and our sister court (see Case Nos. 3:07-cv-1208-J-32TEM, 6:05-cv-1643-Orl-19KRS), his continued use of PACER, and his routine citation to federal case law, federal statutes and the Code of Federal Regulations.

in part Defendant Astrue's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #19).  Those Reports and Recommendations (Docs. #36, #38) were adopted by the District Court on November 6, 2009 (*see* Doc. #62, Court Order).  Therefore, the only claim currently remaining in this action is the construed appeal of the May 17, 2007 decision of the Commissioner of Social Security to deny Plaintiff's administrative claims for disability benefits.

In Plaintiff's motions for declaratory judgment, Plaintiff requests that the Court clarify a variety of purported rights and applications of law to personal situations that are well outside the scope of this litigation.  For example, Plaintiff prays the Court will "consider all pleading of record and clarify if a violation of the takings clause occurred when [the North East Florida State Hospital] institutionalized [his] mother so that she would loose her double wide trailer devaluing her property and [his] inheritance" (Doc. #90 at 1).  Plaintiff also asks the Court to clarify if he is protected by the Whistle Blower Protection Act, under which he claims a violation occurred "for blowing the whistle on State and Federal Abuses of power" (Doc. #85 at 3).  In Plaintiff's Second Emergency Motion for Declaratory Judgment, Plaintiff asks the Court to clarify, among other things, how it would be "legally possible" to be too disabled to participate in a Veterans Administration vocational rehabilitation plan, yet not be "disabled enough" to be entitled to Social Security disability benefits (Doc. #73 at 8), notwithstanding the fact there is no such finding in the record.

Plaintiff has been previously advised that declaratory judgment " is *an action* in which the court declares rights, duties, and status or other legal relations between the parties and is not a theory of recovery" (Doc. #63, Court Order) *citing*  22A Am. Jur. 2d *Declaratory Judgments* § 1 (emphasis added).  Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, "any court of the United States, *upon the filing of an appropriate pleading*, may declare

the rights and other legal relations of any interest party seeking such declaration. . . ." 28 U.S.C. § 2201 (emphasis added).  Recently, the Eleventh Circuit has joined with the Ninth Circuit in declaring, "a party may not make a motion for declaratory relief, but rather, the party must bring an *action* for declaratory judgment."  *Thomas v. Blue Cross and Blue Shield Assoc.*, 594 F.3d 823, 830 (11th Cir. 2010) *quoting Kam-Ko Bio-Pharm Trading Co., Ltd.-Australia v. Mayne Pharma (USA), Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (additional citation omitted).  In so finding, the court noted the requirements of pleading and practice in seeking declaratory judgment are "exactly the same as in other civil actions including the requirement that the action is commenced by filing a complaint."  *Thomas v. Blue Cross and Blue Shield Assoc.*, 594 F.3d at 830 (internal citation omitted).

Thus, the Court finds Plaintiff's motions for declaratory judgment are invalid as a matter of law and shall be **DENIED**.

As stated above, Plaintiff has also requested this Court stay any collection of his student loan debt (*see* Doc. #89).  Defendant has opposed this request, stating that the sought relief is outside the scope of the instant litigation and seeks relief from a party not named in this lawsuit (*see* Doc. #91).  The Court agrees with Defendant.  Once again, Plaintiff has attempted to introduce extraneous matters into this litigation.  Plaintiff's Motion to Stay Collection of Student Loans (Doc. #89) is hereby **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of January, 2011.

Copies to:
*Pro Se* Plaintiff
Counsel of record
Hon. Marcia Morales Howard

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge