**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK C. JACKSON,

    Plaintiff,

vs.                                     Case No.  3:08-cv-461-J-34TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 104; Report), entered by the Honorable Thomas E. Morris, United States Magistrate Judge, on February 2, 2011.  In the Report, Magistrate Judge Morris recommends that: (1) Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 66) be denied; (2) Plaintiff's Motion to Admit New and Material Evidence and Remand (Dkt. No. 80) be denied; (3) the May 17, 2007 decision of the Commissioner of Social Security (the Commissioner) be affirmed; and (4) Plaintiff's Motion to Reconsider Order Document 62 and Motion to Expedite Payment of Social Security Benefits (Dkt. No. 93) be denied.  See Report at 30-31.  Plaintiff filed an Objection to the Report (Dkt. No. 105) and the Commissioner responded in opposition. (Dkt. No. 109).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo

review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

With respect to the portions of the Report which recommend denial of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 66), Plaintiff's Motion to Admit New and Material Evidence and Remand (Dkt. No. 80), and Plaintiff's Motion to Reconsider Order Document 62 and Motion to Expedite Payment of Social Security Benefits (Dkt. No. 93), Plaintiff's Objection is due to be overruled and the Magistrate Judge's Report adopted as the opinion of the Court. The Court, however, declines to adopt the portion of the Report which recommends that the Commissioner's May 17, 2007 decision be affirmed because substantial evidence does not exist to support the ALJ's conclusion that Plaintiff's health condition does not meet or medically equal any listed impairments.

The listing of impairments in the Social Security Regulations identifies impairments which are considered severe enough to prevent a person from gainful activity. By meeting a listed impairment or otherwise establishing an equivalence, a Plaintiff is presumptively determined to be disabled regardless of his age, education, or work experience. Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. Edwards v. Heckler, 736 F.2d 625, 628 (11th Cir. 1984). The burden is on the plaintiff to present specific findings that meet the various tests listed under the

applicable listing.  Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986); Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

Here, Plaintiff contends that he meets the requirements of Listing 1.02A and/or Listing 1.03, both of which address deficits in musculoskeletal function.

> 1.02 *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion fo the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With:
>     A.    Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle) resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, Subt. P, app. 1, Listing 1.02.

> 1.03 *Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. pt. 404, Subt. P, app. 1, Listing 1.03.

In finding that Plaintiff did not meet or medically equal a listing, the ALJ did not identify or discuss either of these Listings. (R. 18). The Eleventh Circuit, nonetheless, has held that "the ALJ's findings as to whether a claimant meets a listing may be implied from the record."  Davenport v. Astrue, 403 Fed.Appx. 352, 354 (11th Cir. 2010)(quoting Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)).  Thus, the key question before this Court is whether substantial evidence exists to support the ALJ's implied finding that Plaintiff does not meet Listing 1.02A or Listing 1.03.

The medical evidence shows that since at least April 2002 Plaintiff has suffered from degenerative joint disease and arthritis of his right talonavicular joint,[1] resulting in limited and painful range of motion and stiffness. (R. 197, 417, 420, 443).  As a result of his progressively worsening pain, Plaintiff had right foot talonavicular and calcaneocuboid[2] arthrodesis on October 10, 2003 -- during which surgery the joints were fused together using three screws. (R. 195-97).   Over the next year, Plaintiff reported increasing pain at the location of the hardware and on October 13, 2004, he had the hardware surgically removed. (R. 233-36, 349, 351, 358, 365). This evidence, on its face, appears to support a finding that Plaintiff had major dysfunction of his talonavicular joint and surgical arthrodesis of the talonavicular and calcaneocuboid joints.  However, in order to meet either Listing, Plaintiff also must show that these impairments resulted in his "inability to ambulate effectively."

According to the Regulations, an "inability to ambulate effectively" means "an extreme limitation of the ability to walk," and is "defined generally as having insufficient lower extremity functioning [ ] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. pt. 404, subpt. Pl, app. 1, §1.00(B)(2)(b)(1).  Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches, or two canes or the

---

[1] The talonavicular joint is in the hindfoot, where the talus connects to the inner midfoot bone.  American Academy of Orthopaedic Surgeons, "Arthritis of the Foot and Ankle," *available at* http://orthoinfo.aaos.org/topic.cfm?topic=A00209.

[2] The calcaneocuboid joint is another joint in the hindfoot, where the heel bone connects to the outer midfoot bone.  Id.

inability to walk a block at a reasonable pace on rough or uneven surfaces.  20 C.F.R. pt. 404, subpt. Pl, app. 1, §1.00(B)(2)(b) (2).

Plaintiff has a well-documented history of difficulties with ambulation and he has consistently used assistive devices.  The record shows that in May and August 2003, Plaintiff reported pain walking long distances and difficultly walking on uneven ground. (R. 416, 419).  Plaintiff had a cast on his right foot for several weeks in August and September 2003, during which time he used crutches.  (R. 406, 414, 416).  Following Plaintiff's October 2003 surgery, he had a short leg cast and used crutches. (R. 371, 383).  It was noted that "he need[ed] new hand grips for his crutches, [because] he been using crutches for a long time." (R. 383).  On November 17, 2003, Plaintiff's cast was removed and he was placed in a CAM walker. (R. 371).  Plaintiff used crutches until March 2004 when he was given training on the use of a standard cane. (R. 259, 366).  It was noted that Plaintiff's "gait [was] more stable with assistive device." (R. 259).  In the following months, although there is no reference to the use of an assistive device, there is no evidence stating that Plaintiff was not using such a device and Plaintiff consistently reported worsening pain at the hardware site, ultimately requiring surgical removal in October 2004.   (R. 233-36, 349, 351, 358, 365).  Moreover, Plaintiff's vocational rehabilitation specialist from the Veteran's Administration noted on January 3, 2005, that Plaintiff "appears to not have been able to work or participate fully in training for most of 2004 due to ambulation problems that required surgery on his foot." (R. 299).

Based on this record, and in the absence of any explanation by the ALJ, the Court cannot find that substantial evidence supports the ALJ's implied finding that Plaintiff does not meet Listing 1.02A and/or Listing 1.03.

Accordingly, it is hereby

**ORDERED:**

1. With respect to the portions of the Magistrate Judge's Report which recommend denial of Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 66), Plaintiff's Motion to Admit New and Material Evidence and Remand (Dkt. No. 80), and Plaintiff's Motion to Reconsider Order Document 62 and Motion to Expedite Payment of Social Security Benefits (Dkt. No. 93), Plaintiff's Objection is **OVERRULED** and the Magistrate Judge's Report is **ADOPTED** as the opinion of the Court. Accordingly, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 66) is **DENIED**; Plaintiff's Motion to Admit New and Material Evidence and Remand (Dkt. No. 80) is **DENIED**; and Plaintiff's Motion to Reconsider Order Document 62 and Motion to Expedite Payment of Social Security Benefits (Dkt. No. 93) is **DENIED**.

2. Plaintiff's Objection regarding the Commissioner's May 17, 2007 decision is **SUSTAINED**. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** this matter to the ALJ with instructions to: (1) specifically consider whether Plaintiff's impairment meets or medically equals Listing 1.02A and/or Listing 1.03; (2) obtain additional medical evidence if necessary; and (3) conduct any further proceedings deemed appropriate.

3. The Clerk of the Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of August, 2011.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ar
Copies to:
Counsel of Record

The Honorable Thomas E. Morris
United States Magistrate Judge